# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHNNY LEE EVANS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 4:08CV140 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside or correct sentence. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be dismissed.

Movant was convicted of conspiracy to knowingly transport an individual in interstate commerce with intent that such person engage in prostitution, as well as conspiracy to money launder, by a jury in early 2000. As a result of the conviction, this Court sentenced movant to 211 months' imprisonment. USA v. Evans, No. 4:00CR0003 JCH.

Movant filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on June 19, 2003. See Evans v. USA, No. 4:03CV845 JCH. This Court denied the motion and dismissed movant's case on June 13, 2005.

Under 28 U.S.C. § 2255:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Movant's motion to vacate is a second or successive motion that has not been certified by the Eighth Circuit Court of Appeals. Movant, nevertheless, claims that he is entitled to file a second motion to vacate because an amended judgment was just recently entered in his underlying criminal proceedings.

An amended judgment, to correct a clerical error, was entered in movant's underlying criminal case on June 22, 2007. See USA v. Evans, No. 4:00CR0003 JCH, Docket No. 872. However, the amended judgment did nothing more than correct the description of one of the offenses for which movant was convicted. On the original judgment, the description of the offense was listed as: "Defendant did knowingly transport an individual under the age of 18 years in interstate commerce with intent that such individual engage in prostitution." The Court amended the judgment to reflect the

proper wording of the offense for which movant was convicted: "Defendant did knowingly transport an individual in interstate commerce with the intent that such individual engage in prostitution." No resentencing was necessary because the proper conviction had been used to calculate movant's sentence. Accordingly, the amended judgment did not modify the existing, original sentence, which movant challenged under § 2255 in 2003. Therefore, the instant motion to vacate is successive. Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the motion shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence [Doc. #1] is **DENIED**.

Dated this 12th Day of February, 2008.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE